[No. 20626.   Department One.— September 3, 1890.]

## THE PEOPLE, Respondent, *v.* ALASSANDRO AL-SEMI, Appellant.

Appeal — Review of Evidence. — A verdict cannot be disturbed upon appeal for insufficiency of evidence to sustain it, when it is supported by the preponderance of evidence.

Id. — Instruction — Ambiguity — Grammatical Errors — Construction. — An instruction which, if standing alone, appears ambiguous because of grammatical errors, must be considered in the light of common understanding, rather than the strict rules of grammar, and also in connection with its context; and if the remainder of the charge upon the same subject is clear and correct, and free from ambiguity, and if the objectionable sentence, when properly corrected by grammatical rules, would be a correct exposition of the law, it will be presumed that the jury so understood it, and were not misled thereby.

Appeal from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*William P. Veuve,* and *B. E. Bennett,* for Appellant.

*Attorney-General Johnson,* for Respondent.

Fox, J.—Information for and conviction of man-slaughter. Two points only are made on this appeal.

1. The first point is, that the evidence is insufficient to justify the verdict. We have carefully examined all the evidence given in the record. While the testimony of the defendant, who was sworn as a witness in his own behalf, conflicts with that of the witnesses on the part of the prosecution, and there is also a slight variance between the testimony of one of the other witnesses as he gave it on the trial from that which he gave on the preliminary examination, we think the decided prepon-derance of evidence is in support of the verdict, and it cannot be disturbed on the ground of insufficiency of evidence.

2. Exception is taken to the following language, found in the instructions of the court to the jury: "But if you find, from the evidence, that in truth and in fact the deceased nor his associate intended no such assault nor the commission of a felony, and a reasonable person in defendant's position would not have so believed, and the defendant had no reasonable cause for so believing, such killing by the defendant, without malice, but with-out sufficient cause, real or apparent, will constitute the crime of manslaughter." It must be conceded that this particular paragraph of the instructions is not artificially drawn; but the question is, Was the jury misled by it? To determine this, we must consider it by the light of common understanding, rather than the strict rules of grammar, and also in connection with its context. So considered, and read in connection with all that the judge said upon the subject to which it related, it seems impos-sible that the jury could have been misled by this single

sentence of the charge on that subject. As printed in the record, each sentence of the instructions is given as a separate paragraph; but upon examination it will be found that the one here quoted and the seven paragraphs next preceding it constitute the instruction of the court on the subject referred to, and in the said seven paragraphs the court has most clearly and correctly laid down the law on that subject. All the balance of the charge on the subject is free from ambiguity, and we cannot conceive that the jury, after so clear an exposition of the law, were misled by a single sentence of this kind. The sentence is not, in our judgment, susceptible of the interpretation placed upon it by counsel for appellant, but on the contrary, properly corrected by the grammatical rules invoked by counsel himself, it would be a correct statement of the law, and we have no doubt the jury so understood it. Judgment affirmed.

PATERSON, J., and WORKS, J., concurred.